UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

In Re The Bankruptcy Of:                                Chapter 7
Ryan Michael Stojkovich and                             Case No.: 09-25397
Vicki Lynn Stojkovich,
    Debtors.

David B. Sices,
    Plaintiff,

vs.                                                     Adv. Proceedings No.: _____

Ryan Michael Stojkovich,
    Defendant.

_____/

## COMPLAINT FOR DETERMINATION THAT DEBT IS NON-DISCHARGEABLE

Plaintiff, David B. Sices, by Attorney George P Galanos, for a cause of action to determine that a certain debt is non-dischargeable, states:

1. That this Court has jurisdiction pursuant to 11 U.S.C.A. §523 and 28 U.S.C.A. §§1334 and 157;

2. That this adversary proceeding is a core proceeding pursuant to 28 U.S.C.A. §1547(b)(2)(I) arising under Title 11 U.S.C.A. and arising in the above-referenced Chapter 7 of the Bankruptcy Code, now pending in this Court;

3. That Plaintiff is a named-creditor of the above-named Defendant/Debtor;

4. That Plaintiff is an individual residing in Cook County, Illinois and at all relevant times a member and shareholder of S2G2 Development, LLC as well as a guarantor of the indebtedness of S2G2 Development, LLC to Fifth Third Bank on a certain construction loan negotiated by Defendant on behalf of Plaintiff and S2G2 Development, LLC;

5. That 11 U.S.C.A. §523(a)(2) provides in relevant part that a Debtor can not obtain a discharge from any debt for money, property, or services obtained by false pretenses, false

representation or actual fraud;

6. That further, 11 U.S.C.A. §523(a)(4) provides in relevant part that a Debtor can not obtain a discharge for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;

7. That S2G2 Development, LLC applied and obtained a mortgage loan from Fifth Third Bank in the amount of $2,325,000.00 to develop a certain unimproved parcel of real estate known as Jordan Crossing, Phase III situated in Merrillville, Lake County, Indiana;

8. That Defendant along with another individual, as co-manager of S2G2 Development, LLC and while acting in a fiduciary capacity with S2G2 Development and its members/shareholders which included Plaintiff, negotiated the terms of the loan with Fifth Third Bank which included personal guarantees from the other partners/members of S2G2 Development, LLC and which also included Plaintiff;

9. That as a result, on or about November 30, 2005, S2G2 Development, LLC entered into said loan agreement with Fifth Third Bank with the purpose of improving said unimproved parcel of real estate;

10. That Plaintiff, as a member/shareholder of S2G2 Development, LLC, is one of the guarantors of said mortgage loan;

11. That Fifth Third Bank employed Stewart Title of Northwest Indiana as its agent to disburse the construction loan proceeds;

12. That Fifth Third Bank made a series of advances through Stewart Title;

13. That based on the complete lack of improvements to said parcel of real estate, along with the disbursements made by Stewart Title, that little of the capital advanced by Fifth Third Bank was used to improve said real estate;

14. That the disbursement records from Stewart Title reflect that the majority of the disbursements made were diverted by Defendant to Defendant's other projects not affiliated with Plaintiff and S2G2 Development, LLC;

15. That the draw requests and documentation submitted to Fifth Third Bank by Defendant demonstrated that the loan proceeds were not used to improve said parcel of real estate with large payments made to other companies which were owned and controlled by Defendant, to-wit: S & G Custom Homes & Complete Construction Services;

16. That S & G Custom Homes & Complete Construction Services did not provide any services with value equal to the amount of money received;

17. That at all relevant times, Defendant is/was a member and co-manager of S2G2

Development, LLC;

18. That Defendant as a member and co-manager of S2G2 Development, LLC, operated and managed the daily operations of S2G2 Development, LLC;

19. That Defendant, while acting in a fiduciary capacity for S2G2 Development, LLC, improperly disbursed or caused to be disbursed said loan proceeds by fraud or defalcation while acting in a fiduciary capacity; embezzled same; and/or, committed larceny of said loan proceeds;

20. That further, Defendant improperly disbursed or caused to be disbursed said loan proceeds by false pretenses, false representations or actual fraud;

21. That the amount of the debt obligation and indebtedness is approximately $1,196,222.70 as of January 30, 2008 with interest accruing;

22. That Fifth Third Bank is now pursuing and filed a lawsuit against Plaintiff, demanding payment on said loan, as a guarantor of said loan, as the result of the default in payments to Fifth Third by S2G2 Development, LLC and the misappropriation of the loan proceeds at the direct insistence of Defendant;

23. That as a result, the debt obligation and indebtedness owed to Fifth Third Bank to which Plaintiff is a co-guarantor is a non-dischargeable debt;

WHEREFORE, Plaintiff demands that the Court enters judgment against Defendant/Debtor, find that said debt is non-dischargeable; and, award any other relief the Court deems proper and just in the premises.

Respectfully submitted,

_/s/_ George P Galanos
George P Galanos (#11556-45)
Attorney for Plaintiff
1301 North Main Street
Crown Point, Indiana 46307
219/663-1938

Prepared by:
George P Galanos
Attorney at Law
1301 North Main Street
Crown Point, Indiana 46307
219/663-1938

H:\Doc\Forms\Bankruptcy\Adversary - Complaint 03102010.wpd